UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Heidi Fischer, *as Administrator of the Estate of Margaret Ann Fischer, Deceased*,<br>Plaintiff,<br><br>-v-<br><br>Marek R. Lupicki, M.D., *et al.*,<br>Defendants. | 2:24-cv-7814<br>(NJC) (ST) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

Plaintiff Heidi Fischer ("Plaintiff"), as administrator of the estate of Margaret Ann Fischer, deceased, has brought this action against three individuals, Marek R. Lupicki, M.D. ("Lupicki"), Kiesha Woodley, L.P.N. ("Woodley"), and Nicole Silva ("Silva," and collectively, "Individual Defendants"), and against three business entities, Old Bridge Medical Center ("Old Bridge"), Hackensack Meridian Health ("Hackensack"), and Venetian Care and Rehabilitation Center ("Venetian Care," and collectively "Business Entity Defendants"), invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Compl. ¶¶ 1, 5–7, ECF No. 1.) The Court issued an Order requiring Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. (Order to Show Cause, Nov. 21, 2024.) Plaintiff's response to the Order to Show Cause (ECF No. 5) fails to establish that this Court has diversity jurisdiction. Accordingly, the Complaint is dismissed without prejudice for lack of jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

## BACKGROUND

On November 8, 2024, Plaintiff filed the Complaint in this action alleging wrongful death and other common law causes of action arising out of the Individual Defendants' and Business Entity Defendants' care of Margaret Ann Fischer. (Compl.) The Complaint alleges that this Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a) ("Section 1332(a)"). (*Id.* ¶ 7.) On November 21, 2024, the Court ordered Plaintiff to show cause in writing why the Court should not dismiss this case for lack of subject matter jurisdiction because the Complaint does not establish any of the requirements for diversity jurisdiction under Section 1332(a). (Order to Show Cause.) On December 3, 2024, Plaintiff submitted a response to the Order to Show Cause. (ECF No. 5.) As part of this submission, Plaintiff filed the following documents: (1) an affirmation signed by Plaintiff's counsel, Joseph G. Dell (Dell Affirm., ECF No. 5); (2) an affidavit signed by Heidi Fischer (Fischer Aff., ECF No. 5-1); (3) the New Jersey death certificate for Margaret Ann Fischer (Death Cert., ECF No. 5-2); (4) letters of administration appointing Heidi Fischer as the fiduciary for the estate of Margaret Ann Fischer (ECF No. 5-3); (5) a Westlaw search of public records for "Marek R Lupicki" (ECF No. 5-4); (6) a Westlaw search of public records for "Kiesha Woodley" (ECF No. 5-5); (7) a Westlaw search of public records for "Nicole Silva" (ECF No. 5-6); (8) a Form 990 tax form for the 2023 calendar year filed on behalf of "Hackensack Meridian Health, Inc. – Subordinates" ("Hackensack's 990 Form") (ECF No. 5-7); (9) a search return for the term "hackensack meridian health" in the New Jersey Department of the Treasury "Business Name Search" engine (ECF No. 5-8); and (10) a search return for the term "venetian care" in the New Jersey Department of the Treasury "Business Name Search" engine (ECF No. 5-9).

**LEGAL STANDARD**

"It is a fundamental precept that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 616–17 (2d Cir. 2019) (citations and quotation marks omitted). As the Second Circuit has recognized, "[p]erhaps the most important limit is subject-matter jurisdiction, which defines a court's competence to adjudicate a particular category of cases." *Id.* (citation and quotation marks omitted). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Id.* at 617–18 (quotation marks omitted).

This Court has an independent obligation to determine whether subject matter jurisdiction exists over this case. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). When a district court lacks subject matter jurisdiction, it must dismiss the action. *See Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 121 (2d Cir. 2024); Fed. R. Civ. P. 12(h)(3).

**DISCUSSION**

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity among the plaintiffs and defendants and that the amount in controversy exceeds $75,000. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020). Plaintiff has failed to establish that this Court has diversity jurisdiction over this action because the record does not show complete diversity among the Plaintiff and Defendants.

I. **Citizenship of Individuals**

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," or in other words, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019).

It is well-established that allegations of "residence alone is insufficient to establish domicile for jurisdictional purposes." *Id.*; *accord RainMakers Partners LLC v. NewSpring Cap., LLC*, No. 23-cv-899, 2024 WL 1846321, at *2 n.1 (2d Cir. Apr. 29, 2024) ("[A] complaint that alleges that the plaintiff and defendant are merely residents of different states has failed adequately to allege the existence of diversity jurisdiction."); *Canouse v. Protext Mobility, Inc.*, No. 22-cv-1335, 2023 WL 3490915, at *1 (2d Cir. May 17, 2023) ("[I]t is well-established that allegations of residency alone cannot establish citizenship.") (citing *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997)). In order to determine an individual's domicile, courts consider factors including:

> current residence; voting registration; driver's license and automobile registration; location of brokerage and bank accounts; membership in fraternal organizations, churches, and other associations; places of employment or business; . . . payment of taxes; . . . whether a person owns or rents his place of residence; the nature of the residence (i.e., how permanent the living arrangement appears); . . . and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.

*Lever v. Lyons*, No. 16-cv-5130, 2021 WL 302648, at *7 (E.D.N.Y. Jan. 28, 2021) (citations omitted); *see also Lawrence Moskowitz CLU Ltd. v. ALP, Inc.*, 830 F. App'x 50, 51 (2d Cir. 2020) ("[T]he determination of domicile considers factors such as voting, taxes, property, bank accounts, places of business or employment.") (citation omitted).

For the purposes of diversity, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). *Hartke*

*on behalf of Est. of Hartke v. Bonhams & Butterfields Auctioneers Corp.*, No. 24-cv-258, 2024 WL 4380315, at *1 (2d Cir. Oct. 3, 2024) ("*Hartke*") (finding that the plaintiff bring suit on behalf of the decedent's estate was a citizen of the state where the decedent was domiciled at the time of his death).

Plaintiff has established that she is a New York citizen. Plaintiff is the legal representative of the estate of her late mother, Margaret Ann Fischer, based on the letters of administration that appointed her the fiduciary of her mother's estate. (ECF No. 5-3.) Plaintiff has shown that Margaret Ann Fischer was domiciled in New York by stating in her affidavit that Margaret Ann Fischer "has been a lifelong domiciliary of New York, having been born in Brooklyn, and residing there her entire life" and that she "had no intention of moving elsewhere." (Fischer Aff. ¶¶ 5, 7.) The death certificate shows that when Margaret Ann Fischer died, she was a resident of New York. (Death Cert.) Accordingly, Plaintiff, as the legal representative of Margaret Ann Fischer's estate, is deemed to be a citizen of New York. *See Hartke*, 2024 WL 4380315, at *1.

Plaintiff also established the citizenship of the three Individual Defendants. The Complaint alleges that "[a]t all times mentioned" these Individual Defendants "[w]ere duly licensed to provide medical care and treatment to and/or for patients . . . in the State of New Jersey." (Compl. ¶ 5.) Plaintiff submitted the results of Westlaw searches for public records containing the terms "Marek R Lupicki," "Kiesha Woodley," and "Nicole Silva"; the search results include lists of addresses associated with each name as reported by various sources. (*See* ECF Nos. 5-4–5-6.) For Lupicki, the Westlaw search results show that all of the addresses associated with Lupicki since October 2000 are located in New Jersey and that these addresses were reported by the following records: phone records, voter registration records, Experian

5

Credit Header records, real property deeds, real property tax assessor records, and healthcare licenses. (ECF No. 5-4.) For Woodley, the Westlaw search results show that between 2020 and 2024, Woodley had a New Jersey address as reported by Experian Credit Header records, Bank Account Header records, phone records, healthcare licenses, and voter registration records. (ECF No. 5-5.) For Silva, the search results show that Silva has a Connecticut address as reported by Motor Vehicle records, Equifax Credit Header records, real property deeds, real property tax accessor records, and Experian Credit Header records. (ECF No. 5-6.)

At this stage of the litigation, the Westlaw search results collectively show that Woodley and Lupicki are domiciled in, and are therefore citizens of, New Jersey, and that Silva is domiciled in, and therefore a citizen of, Connecticut. *See Lever*, 2021 WL 302648, at *7; *Lawrence Moskowitz CLU Ltd.*, 830 F. App'x at 51. The Complaint's allegation that all of the Individual Defendants are licensed to practice medical care in New Jersey corroborates the evidence that Woodley and Lupicki are domiciled in New Jersey but does not require a finding that Silva is domiciled in New Jersey in light of the evidence that Silva is domiciled in Connecticut.

## II. Business Entity Citizenship

Plaintiff has failed to establish the citizenship of any of the Business Entity Defendants—Old Bridge, Hackensack, and Venetian Care—as required for this Court to ensure that there is complete diversity of the parties.

For the purpose of diversity jurisdiction, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). A corporation's "principal place of

6

business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," which "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center.'" *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 218 (2d Cir. 2016) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010)) (quotation marks omitted). Unlike a corporation, the citizenship of a limited liability company for the purposes of diversity "is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016).

      Plaintiff relies on Hackensack's 990 Form to support its position that Hackensack and Old Bridge are New Jersey citizens. The search return for Hackensack on the New Jersey Department of Treasury's website filed by Plaintiff states that Hackensack is a domestic non-profit corporation incorporated in 1996. (ECF No. 5-8). None of Plaintiff's evidentiary submissions, however, identify the state where Old Bridge is incorporated, or confirm that Old Bridge is a corporation as opposed to a limited liability company. *See* 28 U.S.C. § 1332(c)(1); *Bayerische Landesbank*, 692 F.3d at 48. (ECF No. 5-8.) According to Plaintiff, the address "1 Hospital Plaza, Old Bridge, NJ 08857" is repeated throughout Hackensack's 990 Form, and Old Bridge is one of Hackensack's hospital facilities. (ECF No. 5 at ¶ 34; *see also* ECF No. 5-7.) Nevertheless, neither the Complaint nor Hackensack's 990 Form establish that the 1 Hospital Plaza address is a principal place of business for either Hackensack or Old Bridge by demonstrating that this is the location from which officers direct, control, and coordinate each corporation's activities. *See OneWest Bank, N.A.*, 827 F.3d at 218. Thus, Plaintiff has not established the citizenship of Hackensack or Old Bridge.

Plaintiff has similarly failed to establish the citizenship of Venetian Care. The search return for the term "venetian care" on the New Jersey Department of the Treasury's business search engine yields a result showing that Venetian Care is a "limited liability company" that was "incorporated" in 2008. (*See* ECF No. 5-9). Plaintiff has not identified the members of Venetian Care, however, or established the citizenship of any of those members. *Carter*, 822 F.3d at 60. Even if Venetian Care was a corporation and not an LLC, Plaintiff's submissions do not establish that New Jersey is the location of Venetian Care's principal place of business in that the company's officers direct, control, and coordinate the corporation's activities from a location in New Jersey. *See OneWest Bank, N.A.*, 827 F.3d at 218. Thus, Plaintiff has failed to establish the citizenship of Venetian Care.

Because Plaintiff has failed to establish the citizenship of any of the three Business Entity Defendants, this Court cannot find that there is complete diversity of the parties as required for jurisdiction under Section 1332(a).

## CONCLUSION

For the reasons set forth above, this action is dismissed without prejudice pursuant to Rule 12(h)(3), Fed. R. Civ. P., for lack of subject matter jurisdiction. Accordingly, the parties' pending letter motions for a pre-motion conference regarding Defendants' anticipated motion to dismiss the Complaint (ECF Nos. 6, 8) are dismissed as moot. The Clerk of Court shall enter judgment and close this case.

Dated: Central Islip, New York
       January 8, 2025

                                                 */s/ Nusrat J. Choudhury*
                                                NUSRAT J. CHOUDHURY
                                                United States District Judge